**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

AMAZON.COM SERVICES LLC      )
                                          )   No. 24-13819

          Petitioner/Cross-Respondent   )

                                          )

          v.                                )

                                          )

NATIONAL LABOR RELATIONS BOARD  )

                                          )

          Respondent/Cross-Petitioner   )

**RESPONSE OF THE NATIONAL LABOR RELATIONS BOARD TO**
**JURISDICTIONAL QUESTION**

To the Honorable, the Judges of the United States
 Court of Appeals for the Eleventh Circuit:

The National Labor Relations Board ("the Board"), by its Deputy Associate General Counsel, respectfully submits this response to the Court's Jurisdictional Question of December 2, 2024. The Court asked the Board and Amazon.com Services LLC ("Amazon") to address whether the Board Order before the Court is final, given that the Board severed and retained for further consideration certain allegations. As we now show, the Board's Order is final and judicial review at this time is appropriate.

**Background**

1. This case is before the Court on Amazon's petition for review and the Board's cross-application for enforcement of a Board Order against Amazon. *Amazon.com Servs. LLC*, 373 NLRB No. 136 (Nov. 13, 2024).

2. In its Order, the Board found that Amazon violated Section 8(a)(1) of the National Labor Relations Act ("the Act"), 29 U.S.C. § 158(a)(1), by interfering with, restraining, or coercing employees in the exercise of their statutorily protected right to decide whether to be represented by a union. Specifically, the Board found that Amazon violated the Act by threatening employees and by soliciting, and impliedly promising to remedy, their grievances. *See id.*, slip op. at 1-8, 24, 59-60 (2024). To remedy those violations, the Board ordered Amazon to cease and desist from engaging in the conduct it found unlawful, to post a remedial notice advising employees of their rights under the Act, and to file a certification attesting to its compliance. *Id.*, slip op. at 24-25. The Board also dismissed several allegations against Amazon. *Id.*, slip op. at 1, 24.

3. The Board severed and retained for further consideration allegations that Amazon violated Section 8(a)(1) of the Act by promising employees improved benefits for rejecting the Union. *Id.*, slip op. at 1 n.5, 25, 54.

**Argument**

The Board's Order is final and the Court has jurisdiction to review it under Section 10 of the Act. That review is also consistent with principles of administrative finality.

1. In Section 10, Congress empowered the Board "to prevent any person from engaging in any unfair labor practice (listed in [S]ection 8) affecting

commerce." 29 U.S.C. § 160(a). To that end, Section 10(b) lays out a procedure

for the issuance of complaints and conduct of hearings to address unfair-labor-

practice allegations. 29 U.S.C. § 160(b). And Section 10(c) provides that if the

Board determines that a respondent "has engaged in or is engaging in any such

unfair labor practice, then the Board shall state its findings of fact and shall

issue . . . an order requiring such person to cease and desist from such unfair labor

practice, and to take such affirmative action . . . as will effectuate the policies of

this Act." 29 U.S.C. § 160(c).

      2. Section 10 also provides for review of the Board's unfair-labor-practice

orders. Under Section 10(e), the Board may petition an appropriate court of

appeals "for enforcement of such order," and provides that upon the filing of such

petition, the court "shall have jurisdiction of the proceeding and of the question

determined therein." 29 U.S.C. § 160(e). Section 10(f) further provides that

"[a]ny person aggrieved by a final order of the Board granting or denying in whole

or in part the relief sought may obtain a review of such order" in an appropriate

court of appeals. 29 U.S.C. § 160(f). "'[A] final order of the Board,' as used in

this section, refers solely to an order of the Board either dismissing a complaint in

whole or in part or directing a remedy for the unfair labor practices found—in

either case an order entered as the culmination of the procedure described in

Section 10(b) and (c) of the Act." *Shell Chem. Co. v. NLRB*, 495 F.2d 1116, 1120 (5th Cir. 1974).

3. In order to expedite the resolution of matters before it, the Board sometimes issues an unfair-labor-practice order resolving certain allegations against a respondent while severing and retaining other unfair-labor-practice allegations or remedial questions. The courts of appeals have consistently held that such an order is final and reviewable. *See, e.g.*, *NLRB v. Siren Retail Corp.*, 99 F.4th 1118, 1124 (9th Cir. 2024) (collecting cases "enforc[ing] a Board decision even when it severs or reserves judgment on a separate issue"); *Stephens Media, LLC v. NLRB*, 677 F.3d 1241, 1249-50 (D.C. Cir. 2012) (Board's order was final notwithstanding severance of issue of employer duty to provide witness statements).[1]

4. Here, the Board issued its Order as the culmination of the procedure outlined in Section 10(b) and (c), dismissing the complaint in part and directing a remedy for the unfair labor practices found. Amazon petitioned the Court to review the order under Section 10(f), and the Board cross-applied for the Court to enforce it under Section 10(e). The Act, accordingly, empowers the Court to review the Board's Order at this time.

---

[1] We note that *ArrMaz Products, Inc.*, in which the Board severed a remedial issue, 372 NLRB No. 12, slip op. at 2 & n.2 (Dec. 6, 2022), is now pending review before this Court (No. 23-10291).

5.  The Board will, in due course, issue a separate order as to the allegations it severed, remedying any violation it finds or dismissing those allegations in whole or in part.  At that time, the Board may seek enforcement of that order if it remedies a violation of the Act, and any aggrieved person may seek review under Section 10(e) and (f).  The prospect of such an order in the future, however, does not affect the finality of the Order now before the Court.[2]

6.  Principles of administrative finality further support the Court's review of this case now.  For agency action to be final, it must "mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature."  *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citation and internal quotation marks omitted).  And "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.  *Id.* at 178 (citation and internal quotation marks omitted).

7.  Here, as shown above, the Order represents the consummation of the Board's decisionmaking process as to the violations the Board found and the

_____

[2]  In *Tesla, Inc.*, for example, the Board found various unfair labor practices and dismissed some allegations but severed and retained the allegation that the employer's clothing policy violated Section 8(a)(1).  370 NLRB No. 101, slip op. at 1 n.3 (2021).  It subsequently resolved that allegation in a different order.  *Tesla, Inc.*, 371 NLRB No. 131 (2022).  The Fifth Circuit reviewed the orders in two separate proceedings.  *See Tesla, Inc. v. NLRB*, 120 F.4th 433 (5th Cir. 2024) (en banc) (reviewing first order); *Tesla, Inc. v. NLRB*, 86 F.4th 640 (5th Cir. 2023) (reviewing second order).

allegations it dismissed.  *See Siren Retail*, 99 F.4th at 1123 (concluding that

Board's order "marks the 'consummation' of the Board's process" as to the unfair-

labor-practice charge it resolved (quoting *Bennett*, 520 U.S. at 177-78)).  As to

those matters, the Board has determined the rights of Amazon and its employees,

and legal consequences will flow from that determination.  *See Stephens Media*,

677 F.3d at 1250 (concluding that Board's order "establishes the rights and

obligations of the [employer] and its employees with respect to" the violations

found, while the "severed issue was removed by the Board from the realm of this

case").

       In sum, the Board's Order is properly before the Court at this time.


                          Respectfully submitted,

                          /s/ Ruth E. Burdick
                          Ruth E. Burdick
                          Deputy Associate General Counsel
                          NATIONAL LABOR RELATIONS BOARD
                          1015 Half Street, SE
                          Washington, DC 20570
                          (202) 273-2960

Dated at Washington, DC
this 16th day of December 2024

_____
                                     )

AMAZON.COM SERVICES LLC      )
                                     ) No. 24-13819

      Petitioner/Cross-Respondent  )
                                     )

      v.                     ) Board Case Nos. 29–CA–280153,
                                     ) 29–CA–286577, 29–CA–287614,

NATIONAL LABOR RELATIONS BOARD  ) 29–CA–290880, 29–CA–292392
                                     ) and 29–CA–295663

      Respondent/Cross-Petitioner  )
_____  )

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1-1, the National Labor Relations

Board (NLRB), by its Deputy Associate General Counsel, certifies that the

following persons and entities have an interest in the outcome of this case:

1.    Abruzzo, Jennifer A. - General Counsel, NLRB

2.    Amazon.com, Inc. (NASDAQ:  AMZN)

3.    Amazon.com Sales, Inc.

4.    Amazon.com Services LLC

5.    Amazon Labor Union - Charging Party

6.    Burdick, Ruth E. - Counsel for the NLRB

7.    Cabrera, Emily - Regional Attorney, Region 29, NLRB

8.    Elliker, Kevin of HAK - Counsel for Amazon

9.    Enjamio, Juan C. of HAK – Counsel for Amazon

10. Green, Benjamin - Administrative Law Judge

11. Goldstein, Seth Lewis - Counsel for Charging Parties

12. Habenstreit, David - Assistant General Counsel, NLRB

13. Hunton Andrews Kurth LLP ("HAK") - Counsel for Amazon

14. Jason, Meredith - Deputy Assistant General Counsel, NLRB

15. Jost, Micah - Counsel for the NLRB

16. Julien Mirer & Singla, PLLC - Counsel for Charging Parties

17. Kaplan, Marvin E. - Board Member, NLRB

18. Larkin, Kurt of HAK - Counsel for Amazon

19. Law Office of Seth Goldstein - Counsel for Charging Parties

20. Lin, Elbert of HAK - Counsel for Amazon

21. McFerran, Lauren M. - Chairman, NLRB

22. Miller, Dana Joanne - Charging Party

23. Mirer, Jeanne - Counsel for Charging Parties

24. National Labor Relations Board (NLRB) - Respondent/Cross-Petitioner

25. Ohr, Peter Sung - Associate General Counsel, NLRB

26. Poor, Teresa - Regional Director, NLRB Region 29

27. Prouty, David M. - Board Member, NLRB

28. Region 29 of the NLRB

29. Rogers, Amber of HAK - Counsel for Amazon

30. Rutter, Jessica - Deputy General Counsel, NLRB

31. Singla, Retu - Counsel for Charging Parties

32. Spence, Connor - Charging Party

33. Tooker, Lynda – Regional Attorney, Region 29, NLRB

34. Vol, Kira Dellinger - Counsel for the NLRB

35. Wilcox, Gwynne A. - Board Member, NLRB


/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570-0001
(202) 273-2960

Dated at Washington, DC
this 16th day of December 2024

_____
                           )

AMAZON.COM SERVICES LLC     )

                           )  No. 24-13819

       Petitioner/Cross-Respondent   )

                           )

        v.               )  Board Case Nos. 29–CA–280153,

                           )  29–CA–286577, 29–CA–287614,

NATIONAL LABOR RELATIONS BOARD   )  29–CA–290880, 29–CA–292392

                           )  and 29–CA–295663

      Respondent/Cross-Petitioner   )

_____ )

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board

certifies that its motion contains 1293 words of proportionally spaced, 14-point

type, and the word-processing system used was Microsoft Word for Office 365.

                        /s/ Ruth E. Burdick
                        Ruth E. Burdick
                        Deputy Associate General Counsel
                        NATIONAL LABOR RELATIONS BOARD
                        1015 Half Street, SE
                        Washington, DC  20570
                        (202) 273-2960

Dated at Washington, DC
this 16th day of December 2024

_____

| | |
|---|---|
| AMAZON.COM SERVICES LLC | ) |
| | ) |
| | ) No. 24-13819 |
| Petitioner/Cross-Respondent | ) |
| | ) |
| v. | ) Board Case Nos. 29–CA–280153, |
| | ) 29–CA–286577, 29–CA–287614, |
| NATIONAL LABOR RELATIONS BOARD | ) 29–CA–290880, 29–CA–292392 |
| | ) and 29–CA–295663 |
| Respondent/Cross-Petitioner | ) |
| _____ | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024, I electronically filed the

foregoing document with the Clerk of the Court for the United States Court of

Appeals for the Eleventh Circuit by using the CM/ECF system.  I certify that the

foregoing document was served on all parties or their counsel of record through the

appellate CM/ECF system.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570
(202) 273-2960

Dated at Washington, DC
this 16th day of December 2024