# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

AMAZON.COM SERVICES, LLC

    Petitioner/Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD

    Respondent/Cross-Petitioner

_____

No. 24-13819

Board Case Nos. 29-CA-280153, 29-CA-286577, 29-CA-287614, 29-CA-290880, 29-CA-292392 and 29-CA-295663

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1-1, the National Labor Relations Board (NLRB), by its Deputy Associate General Counsel, certifies that the persons and entities listed below have an interest in the outcome of this case.

1. Amazon.com, Inc. (NASDAQ: AMZN)

2. Amazon.com Sales, Inc.

3. Amazon.com Services LLC

4. Amazon Labor Union - Charging Party

5. Burdick, Ruth E. - Counsel for the NLRB

6. Cabrera, Emily - Regional Attorney, Region 29, NLRB

7. Cahn, Stephanie – Acting Deputy General Counsel, NLRB

8. Cowen, William B. – Acting General Counsel, NLRB

9. Elliker, Kevin of HAK - Counsel for Amazon

10. Enjamio, Juan C. of HAK – Counsel for Amazon

11. Green, Benjamin - Administrative Law Judge

12. Goldstein, Seth Lewis - Counsel for Charging Parties

13. Hunton Andrews Kurth LLP ("HAK") - Counsel for Amazon

14. Jason, Meredith - Assistant General Counsel, NLRB

15. Jost, Micah - Counsel for the NLRB

16. Julien Mirer & Singla, PLLC - Counsel for Charging Parties

17. Kaplan, Marvin E. - Board Member, NLRB

18. Larkin, Kurt of HAK - Counsel for Amazon

19. Law Office of Seth Goldstein - Counsel for Charging Parties

20. Lin, Elbert of HAK - Counsel for Amazon

21. McFerran, Lauren M. - Chairman, NLRB

22. Miller, Dana Joanne - Charging Party

23. Mirer, Jeanne - Counsel for Charging Parties

24. National Labor Relations Board (NLRB) - Respondent/Cross-Petitioner

25. Ohr, Peter Sung - Associate General Counsel, NLRB

26. Poor, Teresa - Regional Director, NLRB Region 29

27. Prouty, David M. - Board Member, NLRB

28. Region 29 of the NLRB

29. Rogers, Amber of HAK - Counsel for Amazon

30. Singla, Retu - Counsel for Charging Parties

31. Spence, Connor - Charging Party

32. Tooker, Lynda – Regional Attorney, Region 29, NLRB

33. Vol, Kira Dellinger - Counsel for the NLRB

34. Wilcox, Gwynne A. - Board Member, NLRB

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570-0001
(202) 273-2960

Dated at Washington, DC
this 2nd day of May 2025

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

|  |  |  |
|---|---|---|
| AMAZON.COM SERVICES LLC | ) | |
| | ) | |
| Petitioner/Cross-Respondent | ) | No. 24-13819 |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| | ) | |
| Respondent/Cross-Petitioner | ) | |

# MOTION OF THE NATIONAL LABOR RELATIONS BOARD
# TO STRIKE ARGUMENTS THE COURT
# LACKS JURISDICTION TO CONSIDER

To the Honorable, the Judges of the United States
 Court of Appeals for the Eleventh Circuit:

The National Labor Relations Board ("the Board"), by its Deputy Associate General Counsel, respectfully submits this motion to strike arguments from the briefs of Amazon.com Services LLC ("Amazon") and its amici that the Court lacks jurisdiction to consider. The arguments at issue concern the Board's analysis of "captive-audience meetings" (that is, meetings an employer requires employees to attend regarding unionization), and the Board's pronouncement of a prospective standard for such meetings that the Board did not apply in the case at hand.

There are three grounds for this motion, any one of which would be sufficient. First, the National Labor Relations Act ("the Act") gives the Court

1

jurisdiction to review an "order of the Board" to the extent that an "aggrieved" person challenges it. 29 U.S.C. § 160(f). Here, the Board's Order dismissed allegations that Amazon violated the Act by holding captive-audience meetings. No party contests that dismissal, and Amazon is not aggrieved by it. Second, Amazon has not demonstrated that it has Article III standing to challenge a standard that was not applied in this case and that may never be applied to Amazon. Third, the case is unripe because the standard has not yet been applied to any employer, and Amazon will have an opportunity to press its challenge if it is ever subject to an order based on the new standard.

## BACKGROUND

1. Section 10 of the Act defines the Court's authority to review the Board's orders. When a case is properly brought before the Board, Section 10(c) of the Act empowers the Board to "state its findings of fact" and issue "an order requiring [a respondent] to cease and desist from [any] unfair labor practice, and to take such affirmative action . . . as will effectuate the policies of this Act." 29 U.S.C. § 160(c). Section 10(e) authorizes the Board to seek court enforcement of its order, and "[a]ny person aggrieved by a final order of the Board" may "obtain a review of such order" under Section 10(f). *Id.* § 160(e), (f). Section 10(f) empowers the court to "make and enter a decree enforcing, modifying and

enforcing as so modified, or setting aside in whole or in part the order of the Board."  *Id.* § 160(f).

2.     This case arises from Amazon's response to union organizing campaigns at Amazon facilities in New York in 2021 and 2022.  Amazon Labor Union (now known as Amazon Labor Union No. 1, International Brotherhood of Teamsters) ("the Union") filed charges and the Board's General Counsel issued a complaint alleging, among other things, that Amazon violated the Act by holding captive-audience meetings.  373 NLRB No. 136, slip op. at 43.  Applying longstanding Board precedent permitting such meetings, the administrative law judge dismissed those allegations.  *Id.*, slip op. at 43, 60 (citing *Babcock & Wilcox Co.*, 77 NLRB 577 (1948)).  The General Counsel excepted, urging the Board to overrule its precedent.  Amazon urged the Board to adhere to its precedent (Administrative Record ("AR") 1375-94) or, in the alternative, to apply any new standard only prospectively (AR.1394-97).  Either way, Amazon sought dismissal of the allegations that its captive-audience meetings violated the Act.  (AR.1411.)  In the Order before the Court, the Board granted that request, dismissing the pertinent allegations in full.  373 NLRB No. 136, slip op. at 25.  The Board's Order also set forth actions Amazon must take, if the Order is enforced, to remedy

distinct unfair labor practices the Board found that Amazon committed. *Id.*, slip op. at 24-25.[1]

3. In the Decision that accompanies its Order, the Board set forth findings of fact and conclusions of law as to the violations it found. It also discussed its precedent concerning captive-audience meetings. The Board stated that, going forward, it will find that an employer unlawfully interferes with employee rights under the Act "when it compels employees to attend a captive-audience meeting on pain of discipline or discharge." 373 NLRB No. 136, slip op. at 1-2. It also set forth a framework for evaluating, on the facts of each case, whether attendance at a meeting concerning unionization was voluntary or compelled. *Id.*, slip op. at 19-20. The Board, however, recognized that captive-audience meetings had been lawful under its precedent for over 75 years. And it concluded that applying the new standard retroactively would amount to a manifest injustice. *Id.*, slip op. at 20. Accordingly, it did not find that Amazon violated the law by holding captive-audience meetings, and its Order dismissed allegations to that effect. *Id.*, slip op. at 25.

---

[1] The violations the Board ordered Amazon to remedy were: selectively and disparately enforcing a solicitation policy against employees engaging in protected activity; threatening employees with discipline for engaging in protected activity; soliciting and impliedly promising to remedy employees' grievances to discourage them from supporting the Union; and threatening to withhold improvements if employees select union representation. 373 NLRB No. 136, slip op. at 24-25.

4

4. Amazon filed a petition for review of the Board's Order in this Court under Section 10(f), and the Board cross-applied for enforcement under Section 10(e). The Union intervened.[2]

5. In its opening brief, Amazon primarily addresses the Board's analysis of captive-audience meetings. (Amazon Br. 2, 3, 15-17, 18-43, 57.) The brief of Amici Curiae Chamber of Commerce et al. addresses nothing else.

## ARGUMENT

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Id.* The Court has "an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute." *City of S. Miami v. Governor*, 65 F.4th 631, 636 (11th Cir. 2023) (citation and internal quotation marks omitted).

Here, Section 10(f) of the Act does not give the Court jurisdiction to review the Board's analysis of captive-audience meetings, which undergirds no contested portion of the Board's Order. In addition, Amazon has not demonstrated in its

---

[2] The Court asked the Board and Amazon to address whether the Board's Order is final, given that the Board severed and retained certain allegations. Case No. 24-13819, ECF Doc. 13-1. The Board and Amazon agreed that the Order is final. Case No. 24-13819, ECF Docs. 18, 20.

opening brief that it has standing to challenge that analysis, and the issues Amazon raises are not ripe for the Court's review.

I. **The Act Does Not Empower the Court To Review the Board's Rationale as to a Portion of the Board's Order that No One Contests**

As the party seeking review, it was Amazon's burden to demonstrate in its opening brief that the Act authorizes review of each of its arguments. *Richards v. NLRB*, 702 F.3d 1010, 1016 (7th Cir. 2012). Amazon asserts that the Court has subject-matter jurisdiction under Section 10(f). (Amazon Br. 1.) That provision authorizes the courts of appeals only to enforce, modify, or set aside a "final order of the Board" by which a petitioner is "aggrieved." 29 U.S.C. § 160(f). It does not authorize review of any other determinations or pronouncements the Board may issue: "a charged party may only seek judicial review of Board *orders*—not Board 'findings,' or 'charges,' or 'actions[.]'" *Harrison Steel Castings Co. v. NLRB*, 923 F.2d 542, 545 (7th Cir. 1991).

Before the Court, Amazon challenges some portions of the Board's Order remedying violations the Board found. (Amazon Br. 43-57.) To that extent, its arguments are properly before the Court. But when it comes to captive-audience meetings, Amazon does not ask the Court to touch the Board's Order. Instead, Amazon disagrees with portions of the Board's Decision—not its Order— explaining the Board's reasons for overruling its precedent and fashioning a new standard that it did not apply here.

Amazon cannot object to the Board's Order dismissing captive-audience allegations because dismissal is precisely what Amazon sought. In the terms of Section 10(f), Amazon is not "aggrieved" by any portion of the Order that grants what it requested. To the extent it received the relief it requested, "an appeal may not be taken simply to challenge the Board's reasoning." *Pirlott v. NLRB*, 522 F.3d 423, 433 (D.C. Cir. 2008). Nor can Amazon appeal the Board's pronouncement of a prospective rule that it did not apply in the case at hand. *Am. Baptist Homes of the W. v. NLRB*, 858 F.3d 612, 614 (D.C. Cir. 2017). In Section 10(f), Congress did not give the Court authority to issue an advisory opinion concerning the Board's analysis of captive-audience meetings.

## II. Amazon Has Not Demonstrated that It Has Article III Standing To Contest a Standard that the Board Did Not Apply to Amazon

To establish standing under Article III of the Constitution, Amazon must show (1) that it has suffered an injury in fact that is concrete and particularized, as well as actual and imminent; (2) that the alleged injury is fairly traceable to the conduct complained of; and (3) that the injury is likely redressable by a favorable decision from the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The standing inquiry is "especially rigorous when reaching the merits of the dispute would force [the Court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). Because "standing is not dispensed

in gross," Amazon "must demonstrate standing for each claim [it] seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) (citations and internal quotation marks omitted). Amazon has not met its burden as to the Board's captive-audience-meeting analysis.

To be sure, Amazon raises First Amendment arguments, and the Court applies the injury requirement "loosely" to First-Amendment claims "because of the fear that free speech will be chilled even before the law, regulation, or policy is enforced." *Hallandale Pro. Fire Fighters Loc. 2238 v. City of Hallandale*, 922 F.2d 756, 760 (11th Cir. 1991). Yet even in that context, "the injury-to-the-plaintiff requirement cannot be ignored." *Id.* "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm[.]" *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). Any "threatened injury must be certainly impending," without "a highly attenuated chain of possibilities" standing in the way. *Amnesty Int'l USA*, 568 U.S. at 410. Amazon's opening brief does not demonstrate that it has suffered a specific injury in relation to the captive-audience standard it contests. Nor does it show that any threatened injury is certainly impending.

Finally, even if the Board's analysis of captive-audience meetings somehow injures Amazon, that injury does not appear to be redressable through Amazon's

8

petition for review. That is because, as explained above, Section 10(f) authorizes the Court to enforce, modify, or set aside the Board's Order—not to issue an advisory opinion on the merits of a standard that was not applied here.

### III. Challenges to the Board's Prospective Standard Are Unripe

The arguments of Amazon and its amici concerning captive-audience meetings are also unripe. "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). "Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005).

Beginning with the second part of the ripeness inquiry, there is no hardship if the Court waits to evaluate the Board's standard until the Board has issued an order applying the standard. By itself, a Board order imposes no legally binding obligation on any party. "The order of the Board is subject to review by the designated court, and only when sustained by the court may the order be enforced." *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 47 (1937). Indeed, "[t]he respondent can violate it with impunity until a court of appeals issues an order enforcing it." *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887, 890 (7th Cir. 1990).

9

If the Board someday applies the new captive-audience standard to Amazon, Amazon will have the opportunity to raise its challenges at that time.

As to the first ripeness inquiry, the Board's new captive-audience standard is not yet fit for judicial review. Whether employee attendance at a meeting concerning unionization was unlawfully compelled is a fact-bound question under that standard. 373 NLRB No. 136, slip op. at 19-20. If the Board ever applies the standard to Amazon, the Court's review will benefit from the Board's full analysis of the facts that demonstrate interference with employee rights. *See NLRB v. Intersweet, Inc.*, 125 F.3d 1064, 1070 (7th Cir. 1997) ("The Board's prospective suggestion about an analysis that it may apply if ultimately faced with [certain] evidence does not present an issue currently ripe for review by this court."). Amazon's challenge thus fails both prongs of the ripeness test. *See Toilet Goods Ass'n, Inc. v. Gardner*, 387 U.S. 158, 166 (1967) (matter not ripe where regulated party faces "minimal, if any, adverse consequences" from adverse agency action, "the factual basis" for agency action "will certainly be aired" in a future administrative process, and "[j]udicial review will then be available").

Finally, the Supreme Court has "often stressed that it is important to avoid the premature adjudication of constitutional questions, and that [the courts] ought not to pass on questions of constitutionality unless such adjudication is unavoidable." *Matal v. Tam*, 582 U.S. 218, 230-31 (2017) (brackets, ellipsis,

10

internal quotation marks, and citations omitted). Because the Board may yet adapt or overrule its standard before it is applied to any party, withholding review could spare the Court from any need to address the constitutional arguments Amazon presents.

## CONCLUSION

WHEREFORE, the Board respectfully requests that the Court strike the portions of Amazon's brief (Amazon Br. 2, 3, 15-17, 18-43, 57) that contain arguments respecting the Board's captive-audience standard, and strike amici's brief in its entirety.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Dated at Washington, DC
this 2nd day of May 2025

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

|  |  |  |
|---|---|---|
| AMAZON.COM SERVICES LLC | ) ) ) | |
| Petitioner/Cross-Respondent | ) ) | No. 24-13819 |
| v. | ) ) ) ) | |
| NATIONAL LABOR RELATIONS BOARD | ) ) ) | |
| Respondent/Cross-Petitioner | ) ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board certifies that its motion contains 2399 words of proportionally spaced, 14-point type, and the word-processing system used was Microsoft Word for Office 365.

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC  20570
(202) 273-2960

Dated at Washington, DC
this 2nd day of May 2025

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

|  |  |  |
|---|---|---|
| AMAZON.COM SERVICES LLC | ) ) ) | |
| Petitioner/Cross-Respondent | ) ) ) | No. 24-13819 |
| v. | ) ) ) ) | |
| NATIONAL LABOR RELATIONS BOARD | ) ) ) | |
| Respondent/Cross-Petitioner | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify further that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

/s/ Ruth E. Burdick  
Ruth E. Burdick  
Deputy Associate General Counsel  
NATIONAL LABOR RELATIONS BOARD  
1015 Half Street, SE  
Washington, DC 20570  
(202) 273-2960

Dated at Washington, DC  
this 2nd day of May 2025