# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

AMAZON.COM SERVICES, LLC,
    *Petitioner-Cross-Respondent,*

v.

NATIONAL LABOR RELATIONS BOARD
    *Respondent-Cross-Petitioner.*

No. 24-13819

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 26.1 and 11th Cir. R. 26.1, Petitioner-Cross-Respondent Amazon.com Services, LLC certifies that the Certificate of Interested Persons and Corporate Disclosure Statement included in its Principal Brief, Dkt. 36 at 2, is complete.

    Respectfully submitted,

    */s/ Elbert Lin*
    Elbert Lin
    HUNTON ANDREWS KURTH LLP
    Riverfront Plaza, East Tower
    951 East Byrd Street
    Richmond, Virginia 23219
    Telephone: (804) 788-8200
    Facsimile: (804) 788-8218

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

|                                                        |                |
|--------------------------------------------------------|----------------|
| AMAZON.COM SERVICES, LLC,<br>*Petitioner-Cross-Respondent,*<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD<br>*Respondent-Cross-Petitioner.* | No. 24-13819 |

## UNOPPOSED MOTION FOR EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 27, Petitioner-Cross-Respondent Amazon.com Services, LLC ("Amazon") respectfully requests a 15-day extension of time, to and including Tuesday May 27, 2025, to file its response to the National Labor Relation Board's (NLRB) Motion to Strike Arguments the Court Lacks Jurisdiction to Consider, Dkt. 50 (the "Jurisdiction Motion").[1] Neither the NLRB nor Intervenor Amazon Labor Union No. 1, International Brotherhood of Teamsters ("Intervenor") oppose the requested extension.

In support of its request, Amazon states as follows:

---

[1] A 14-day extension would fall on Memorial Day, so Amazon requests an extension to the next business day, Tuesday, May 27, 2025.

## BACKGROUND

1. This case arises from Amazon's Petition for Review of the NLRB's November 13, 2024 Decision and Order (the "Order"). Dkt. 1.

2. The Order addresses charges brought by the Board's General Counsel against Amazon regarding the company's conduct during union-organizing campaigns in 2021 and 2022. The conduct targeted by the General Counsel included Amazon's exercise of its right to hold mandatory information meetings at which it expressed its view that a union was unnecessary, statements made during those meetings, and other employee interactions during the union campaign.

3. Bound by 75 years of Board precedent approving of and protecting an employer's right to hold mandatory meetings to express its views, the administrative law judge (ALJ) declined to find Amazon liable under the National Labor Relations Act (NLRA) for holding those meetings to discuss its view on organizing. *See* Order at 43. As to the other allegations, the ALJ issued a mixed decision, ruling nearly all the allegations were unfounded, while sustaining only two violations of the NLRA. *See id.* at 60. Both Amazon and the General Counsel filed exceptions to the ALJ's decision to the Board.

4. In its Order, the Board agreed with the General Counsel and overturned its longstanding precedent on mandatory meetings. From now on, the Board held, an employer violates the NLRA "when it compels employees to attend a [so-called] captive-audience meeting on pain of discipline or discharge." *Id.* at 1–2. The Board forged this new path notwithstanding the NLRA's express prohibition against the use of an employer's expression "of any views, argument, or opinion, or the dissemination thereof" as "evidence of an unfair labor practice" so long as the "*expression* contains no threat of reprisal or force or promise of benefit." 29 U.S.C. § 158(c) (emphasis added). The Board likewise downplayed First Amendment concerns by insisting its new rule "makes no distinctions based on viewpoint." Order at 23 (attempting to distinguish this Court's decision in *Honeyfund.com Inc. v. Governor, State of Florida*, 94 F.4th 1272 (11th Cir. 2024)). Instead, the Board wrote, the employer violates the NLRA by "requir[ing] employees to listen to its views—whatever they are." *Id.* at 24.

5. Along with its mandatory-meeting holding, the Board found violations of the NLRA in three other circumstances related to (a) the enforcement of the company's solicitation policy vis-à-vis internal

4

message boards; (b) the alleged solicitation of grievances; and (c) statements regarding wages and benefits during the bargaining period. *See id.* at 1–8 & n.3.

6. The Order also severed and saved for further consideration a separate allegation regarding the company's "Career Choice Program." Order at 1 n.5. In response to the Court's jurisdictional question, Dkt. 13, both Amazon and the NLRB agreed the Order remained "final" as to the non-severed portions and the Court therefore had jurisdiction under 29 U.S.C. § 160(f). *See* Dkt.18, 20. On April 25, 2025, the Court noted probable jurisdiction and ordered the Board's brief be filed within 30 days. Dkt. 49.

7. On May 2, 2025, the NLRB filed the Jurisdiction Motion and requested that the Court "strike arguments from the briefs of [Amazon] and its amici that the Court lacks jurisdiction to consider." Dkt. 50 at 5. Specifically, the NLRB contends that the Court lacks jurisdiction over those portions of the Order regarding its mandatory-meeting rule. *See id.* at 5. The NLRB's Jurisdiction Motion raises multiple bases for the purported lack of jurisdiction, including the Court's statutory authority under 29 U.S.C. § 10(f), application of Article III standing principles, and

5

the implications of the mandatory-meeting rule on Amazon's First Amendment rights. *See id.* at 6–11.

## ARGUMENT

8. The portions of Amazon's brief that the NLRB seeks to be stricken raise critical issues of constitutional and labor law. Indeed, the Order's conclusion that mandatory meetings violate the NLRA—overruling more than 70 years of Board precedent—raises matters of first impression under § 8(c) of the Act and the First Amendment to the Constitution. The effects of that ruling on the business community are plain.[2]

9. In turn, the NLRB's Jurisdiction Motion raises complex arguments regarding the interplay of the NLRA, Article III standing, and the First Amendment.

10. Under Fed. R. App. P. 27(a)(3)(A), Amazon's response to the Jurisdiction Motion is due no later than May 12, 2025.

---

[2] *See* Br. of Amici Curiae Chamber of Commerce of the United States, et al., Dkt. 38 at 3–4 (noting that, because "[a]n employer's free speech right to communicate his views on unionization is firmly established and constitutionally protected," the business community has "a strong interest in the Board's unlawful decision to overturn decades of precedent" and deem mandatory meetings "an unfair labor practice").

11. Amazon respectfully submits that a modest 15-day extension will allow counsel to prepare a response that fully and thoughtfully addresses the legal questions raised, and no party will be prejudiced by this brief delay.

12. Counsel for Amazon has conferred with counsel for Respondent-Cross-Petitioner and for Intervenor, both of whom indicate that they do not oppose the requested extension.

13. Concurrently with the filing of the Jurisdiction Motion, Respondent-Cross-Petitioner also filed a Motion to Suspend Briefing Schedule, requesting that the Court suspend the briefing schedule pending resolution of the Jurisdiction Motion. *See* Dkt. 51 at 4. Amazon does not oppose the relief requested in the Briefing Motion.

## CONCLUSION

Therefore, Petitioner respectfully requests a 15-day extension of time to file its responses to the Jurisdiction Motion, to and including May 27, 2025.

|  | Respectfully submitted, |
|---|---|
|  | /s/ Elbert Lin |
| Amber Rogers | Elbert Lin |
| HUNTON ANDREWS KURTH LLP | Kurt G. Larkin |
| 1445 Ross Avenue, Suite 3700 | Kevin S. Elliker |
| Dallas, Texas 75202 | David N. Goldman |
| Telephone: (214) 979-3000 | HUNTON ANDREWS KURTH LLP |
| Facsimile: (214) 880-0011 | Riverfront Plaza, East Tower |
|  | 951 East Byrd Street |
|  | Richmond, Virginia 23219 |
|  | Telephone: (804) 788-8200 |
|  | Facsimile: (804) 788-8218 |

**CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(g)(1) because it contains 1,024 words, excluding the parts exempted by Fed. R. App. P. 32(f). I also certify that this brief complies with the requirements of Fed. R. App. P. 32(c) because it has been prepared in 14-point Century Schoolbook font using Microsoft Word.

/s/ Elbert Lin

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2025, a true copy of the foregoing was served on opposing counsel via electronic filing using the appellate CM/ECF system.

/s/ Elbert Lin