# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| AMAZON.COM SERVICES LLC,<br><br>Petitioner/Cross-Respondent,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>Respondent/Cross-Petitioner. | No.: 24-13819 |

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Intervenor Amazon Labor Union No. 1, International Brotherhood of Teamsters, certifies that the Certificate of Interested Persons and Corporate Disclosure Statement included in its Motion for Leave to Intervene, Dkt. 23, is complete.

*/s/ Julie Gutman Dickinson*
Julie Gutman Dickinson
BUSH GOTTLIEB, ALC
801 N. Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| AMAZON.COM SERVICES LLC, <br><br> Petitioner/Cross-Respondent, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent/Cross-Petitioner. | No.: 24-13819 |

## INTERVENOR'S JOINDER IN NATIONAL LABOR RELATIONS BOARD'S MOTION TO STRIKE

On May 2, 2025, Respondent/Cross-Petitioner National Labor Relations Board ("Board") moved to strike portions of the brief of Petitioner/Cross-Respondent Amazon.com Services LLC ("Amazon"), Dkt. 36, as well as the entire brief of *amici curiae* in support of Amazon, Dkt. 38. *See* Dkt. 50.

The Board's motion correctly pointed out that the Decision and Order of the Board at issue did *not* find that Amazon violated the National Labor Relations Act ("NLRA") by holding anti-union captive audience meetings during a union organizing drive. Therefore, as described fully in the Board's motion, this Court lacks statutory

authority to review the Board's prospective announcement of a new standard for evaluating captive-audience meetings, which was not applied to Amazon in this case. For the same reason, Amazon lacks constitutional standing to litigate the captive-audience standard and any legal questions about that standard are unripe because the standard was not applied here.

Intervenor Amazon Labor Union No. 1, International Brotherhood of Teamsters ("ALU-IBT Local 1") hereby joins fully in the Board's motion for all the reasons stated therein. The captive-audience issue is, for Amazon and other employers, the "headline" issue in this case, as exemplified by its 26 pages of argument on that issue compared to 15 on the three violations the Board found occurred and for which it ordered remedies, and as further exemplified by *amici curiae* filing a brief solely on the captive-audience question.

If the Court reaches out to prematurely decide that issue, it will almost certainly increase the time it takes to fully resolve this litigation, not only by adding an additional weighty issue for the Court's consideration but also because it increases the odds that one or more parties will seek *en banc* or even Supreme Court review. The three

violations the Board found, by contrast, concerning solicitation of grievances, disparate enforcement of policy, and a threat of discipline, are all grounded in well-established, long-standing, uncontroversial areas of Board interpretation of the NLRA. Moreover, Amazon's arguments regarding those violations are essentially factual, meaning the deferential "substantial evidence" standard will apply in reviewing those findings.

In short, it is likely that this case can be resolved quickly—perhaps even by settlement—if the Court recognizes at this early stage that Amazon seeks premature review of the captive-audience issue and grants the Board's motion. ALU-IBT Local 1's members need the remedies ordered by the Board for the violations it found so that the unremedied violations do not continue to chill their exercise of rights to engage in protected concerted activity under the NLRA.

For all the foregoing reasons, and the reasons stated in the Board's motion, ALU-IBT Local 1 respectfully requests that the Court strike the portions of Amazon's brief described in the motion, and strike the *amici curiae* brief in its entirety.

Dated this 12th day of May, 2025.   Respectfully submitted,

/s/ *Julie Gutman Dickinson*
Julie Gutman Dickinson
Jason Wojciechowski
Luke Taylor
Bush Gottlieb, A Law Corporation
801 North Brand Boulevard
Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200

David O'Brien Suetholz
Willie M. Burden
International Brotherhood of Teamsters
25 Louisiana Ave. NW
Washington, D.C. 20001
Telephone: (202) 624-6800

D. Marcus Braswell
Sugarman Susskind Braswell & Herrera
150 Alhambra Circle, Suite 725
Coral Gables, FL 33134 Telephone: (305) 529 2801

Richard Griffin
Bredhoff & Kaiser, PLLC
805 15th Street NW Suite 1000
Washington, DC 20005
Phone: (202) 842-2600

Edward M. Gleason, Jr.
Pamela M. Newport
Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC
600 Vine Street Suite 2720
Cincinnati, OH 45202
Phone: (513) 381-2224

Jeanne Mirer
Julien, Mirer & Associates PLLC
1 Pierrepont Plaza, 12th Floor
Brooklyn, NY 11201
Phone: (212) 231-2235

Attorneys for Intervenor Amazon Labor Union No. 1, International Brotherhood of Teamsters

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(g)(1) because it contains 468 words, excluding the parts exempted by Fed. R. App. P. 32(f). I also certify that this brief complies with the requirements of Fed. R. App. P. 32(c) because it has been prepared in 14-point Century Schoolbook font using Microsoft Word.

*/s/ Julie Gutman Dickinson*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify further that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

*/s/ Julie Gutman Dickinson*