

United States Government

**NATIONAL LABOR RELATIONS BOARD**

**OFFICE OF THE GENERAL COUNSEL**

Washington, D.C.  20570

May 7, 2026

David J. Smith
Clerk of the Court
United States Court of Appeals
 for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, GA  30303

> Re:   *Amazon.com Services, LLC v. NLRB*, No. 24-13819
>        Response to Citation of Supplemental Authority Under Fed. R. App.
>        P. 28(j)

Dear Mr. Smith:

In its latest letter, Amazon cites *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781, 608 U.S. __, 2026 WL 1153029 (Apr. 29, 2026). That case underscores Amazon's failure to establish injury or redressability as to the Board's captive-audience-meeting analysis.

As to injury, the challenged subpoena in *First Choice* "commanded" a nonprofit to reveal private information about its donors and threatened "contempt of Court and such other penalties" for noncompliance. *Id.* at *3.  Such a targeted demand "inevitably" deters the exercise of First Amendment rights. *Id.* at *6, 8. And the nonprofit established, through well-pleaded complaint allegations and supporting declarations, that the demand in fact discouraged donors from associating with it. *Id.* at *7-8.

Here, as to captive-audience meetings, there is no demand at all—self-executing or non-self-executing.  The Board's order commanded nothing and threatened no penalty.  Just the opposite: it *dismissed* the relevant allegations, as Amazon itself requested.  And as for the Board's decision overturning its precedent prospectively, Amazon only speculates about how employers might respond.  It

cites nothing in the record to demonstrate a present or imminent injury. (Bd. Mot. to Strike (ECF No. 50) p. 8; Bd. Reply (ECF No. 61) pp. 10-11.)

As to redressability, the court in *First Choice* had statutory jurisdiction under 42 U.S.C. § 1983 to grant the relief requested. 2026 WL 1153029, at *9. Under Section 10(f) of the NLRA, this Court does not. Section 10(f) gives the Court limited jurisdiction to enforce, modify, or set aside a Board order that aggrieves the petitioner. 29 U.S.C. § 160(f). But Amazon does not ask the Court to take any such action. Instead, it wants an advisory opinion condemning Board reasoning, divorced from any contested order. And as we have demonstrated, Section 10(f) does not authorize the Court to provide that. (Bd. Mot. to Strike pp. 6-9; Bd. Reply pp. 1-7.) If the Board someday were to issue an order akin to the subpoena in *First Choice* that commands Amazon to stop holding captive-audience meetings, Amazon would have standing to contest, and the Court would have jurisdiction to review, that order.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Enclosure
cc: All counsel (via CM/ECF)