

United States Government

**NATIONAL LABOR RELATIONS BOARD**

**OFFICE OF THE GENERAL COUNSEL**

Washington, D.C.  20570

May 15, 2026

David J. Smith
Clerk of the Court
United States Court of Appeals
  for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, GA  30303

Re:  *Amazon.com Services, LLC v. NLRB*, No. 24-13819
Citation of Supplemental Authority Under Fed. R. App. P. 28(j)

**Oral argument scheduled for May 18, 2026**

Dear Mr. Smith:

The undersigned learned today of the attached Motion to Withdraw Exceptions to the Administrative Law Judge's Decision in *UPS Supply Chain Solutions, Inc.*, Board Case No. 32-CA-295913 et al. (May 13, 2026).  In the Motion, counsel for the General Counsel withdrew exceptions to the judge's failure to find that the employer violated Section 8(a)(1) by requiring employees to attend captive-audience meetings.  Mot. at 1.  The motion noted that those "exceptions were filed under prior General Counsel Jennifer A. Abruzzo, and do not reflect the views of the current General Counsel, Crystal S. Carey, who was sworn in on January 7, 2026."  Mot. at 1 n.1.  The motion further "urge[d] the Board to reverse *Amazon.com Services LLC*, 373 NLRB No. 136 (2024), and revert to the law and rationale set forth in *Babcock & Wilcox*, 77 NLRB 577, 578 (1948), which was properly decided by the Board more than seven decades ago."  Mot. at 2 n.2.

As we have argued, Amazon lacks Article III standing because a chain of contingencies lies between Amazon and any possible order applying the Board's captive-audience-meeting rule.  (Bd. Mot. to Strike (ECF No. 50) p. 8; Bd. Reply (ECF No. 61) pp. 8-9.)  The *UPS* motion weakens an essential link in that chain.

Even if Amazon holds captive-audience meetings in the future and someone files a charge, the General Counsel has "unreviewable" prosecutorial discretion to withhold issuance of an unfair-labor-practice complaint. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138 (1975). *Cf. Minnesota Chapter of Associated Builders & Contractors v. Ellison*, 153 F.4th 695, 702 (8th Cir. 2025), *cert. denied*, 224 L. Ed. 2d 18 (Feb. 23, 2026) (employer association "lack[ed] standing to sue" Minnesota Attorney General who disclaimed any "present intention" to enforce captive-audience law). The General Counsel's request that the Board overturn the captive-audience-meeting rule—which was not applied to Amazon here—further demonstrates the inadvisability of the Court rendering an advisory opinion on the merits of the rule, as Amazon requests.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2960

Enclosure
cc: All counsel (via CM/ECF)